# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Omar Mendoza,<br>Movant/Defendant<br>-vs-<br>United States of America,<br>Respondent/Plaintiff. | CV-16-2555-PHX-GMS (JFM)<br>CR-09-0709-PHX-GMS<br><br>**Report & Recommendation<br>on Motion to Vacate, Set Aside<br>or Correct Sentence** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 28, 2016 (Doc. 1). On November 14, 2016 Respondent filed its Response (Doc. 8). Movant filed a Reply on December 16, 2016 (Doc. 13).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On December 29, 2009, Movant was indicted in a Superseding Indictment (Exhibit 4) on charges of conspiracy to possess with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking offense. (Exhibits to the Response (Doc. 8) are referenced herein as "Exhibit ___.")

Eventually, on March 16, 2010[1], Movant entered into a written Plea Agreement

1

(Exhibit 5) in which Movant agreed to plead guilty to a lesser included offense of Conspiracy to Possess with Intent to Distribute 500 grams or more of Cocaine and to forfeiture of any interest in three firearms, in exchange for agreements that:

    (a) the sentence imposed would not exceed the guidelines maximum;

    (b) Movant would receive a two-point adjustment under U.S.S.G. § 2D1.1(b)(1) regarding dangerous weapons possession;

    (c) at sentencing, Movant could argue "sentencing entrapment" and that the mandatory minimum did not apply;

    (d) a two or three level reduction in offense level for acceptance of responsibility; and

    (e) dismissal of the firearms count.

The Plea Agreement included the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

(Exhibit 5, Plea Agreement, at 4.)

Movant entered his plea pursuant to the Plea Agreement. (Exhibit 1, R.T. 3/16/10.)

A Presentence Investigation Report was prepared, and defense counsel filed Objections (Exhibit 6), and a Sentencing Memorandum (Exhibit 7) asserting various arguments relevant to sentencing. On November 30, 2010, Movant was sentenced to 132 months in prison. (Exhibit 8, Judgment.)

/ /

**B.     PROCEEDINGS ON DIRECT APPEAL**

Movant did not file a direct appeal. (Motion, Doc. 1 at 2.)

**C.     PRESENT FEDERAL HABEAS PROCEEDINGS**

**Motion to Vacate** – Movant commenced the current case by filing his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on July 28, 2016 (Doc. 1) and his Declaration in Support (Doc. 3) on August 11, 2016. Movant's Motion asserts a single ground for relief, alleging that Movant receive ineffective assistance of counsel when in the course of advising Movant on a proffered plea agreement counsel misrepresented the amount of drugs to be attributed to Movant at sentencing (500 grams v. 22 kilograms), resulting in a sentence of 132 months, outside the predicted range of 51 to 63 months.

**Response** - On November 14, 2016, Respondent filed its Response (Doc. 8). Respondent argues that the motion is untimely, Movant waived his right to bring the instant motion, and that Movant has failed to show that counsel's performance was deficient.

**Reply** - On December 16, 2016, Movant filed a Reply (Doc. 13). Movant argues his Motion was based on newly recognized rights made retroactively applicable on collateral review, namely the decision in *Johnson v. United States*, 135 S.Ct. 2551 (June 26, 2015).[1] He further argues that his waiver cannot extend to an illegal sentence, and his claim is meritorious.

/ /

/ /

---

[1] On June 26, 2015, the Supreme Court held that the "residual clause" in 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act is unconstitutionally vague, and struck it down as a violation of the due process clause of the Fifth Amendment. *Johnson v. United States*, 576 U.S. ___, 135 S.Ct. 2551 (2015). In *Beckles v. United States*, 137 S.Ct. 886 (March 6, 2017), the Supreme Court concluded that *Johnson* did not render comparable provisions of the Sentencing Guidelines vague, holding "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895.

## III. APPLICATION OF LAW TO FACTS
### A. TIMELINESS
#### 1. One Year Limitations Period

Respondents assert that Movant's Motion is untimely.

As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for motions to vacate filed pursuant to 28 U.S.C. § 2255. The statute of limitations applicable to habeas proceedings by federal prisoners has been codified at 28 U.S.C. § 2255(f), which generally provides that motions to vacate filed beyond the one year limitations period are barred and must be dismissed. *Id*.

#### 2. Conviction Final

A federal habeas petitioner's time to file under 28 U.S.C. §2255 generally begins to run on "the day on which the judgment of conviction becomes final." 28 U.S.C. §2255(f). Although §2255 does not define "final", the Supreme Court has applied its ordinary standard of finality. "Finality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Where a movant did not file a direct appeal, "the statute of limitations within which she had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal." *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).

Here, Movant did file a notice of appeal. His time to do so expired on December 14, 2010, fourteen days after the imposition of sentence on November 30, 2010. Fed. R. App. Proc. 4(b)(1)(A).

Thus, under this provision, Movant's limitations period expired on December 14, 2011 and his Motion to Vacate, filed July 28, 2016 (Doc. 1) was over four and a half years delinquent under § 2255(f)(1).

/ /

### 3. New Rule

Movant argues that his Motion to Vacate should be considered timely because it is based on new rules adopted by the U.S. Supreme Court in *Johnson*, and thus governed under the later commencement time provided for in § 2255(f)(3). (Rely, Doc. 13 at 2-3.) That section provides that the limitation period can run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

A § 2255 motion based on *Johnson* is timely if it was filed on or before June 26, 2016, one year from the date on which Johnson was decided. *See* 28 U.S.C. §2255(f)(3) (one year statute of limitations for § 2255 motions begins to run from the "date on which the right asserted was initially recognized by the Supreme Court"); *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016) (date on which Supreme Court recognized new right under *Johnson* is June 26, 2015). But here, Movant's Motion was not filed until July 28, 2016. Accordingly, to the extent that Movant's Motion depends upon *Johnson*, it was filed some 32 days after the expiration of the statute of limitations. Even if the Motion were deemed filed as of the date of Movant's signature, July 24, 2016, it would still be some 26 days delinquent.

Moreover, Movant's Motion makes no reference to *Johnson*, and is not based on any application of a vague definition such as that addressed in *Johnson*, nor even any advice by counsel regarding a vague provision.

Accordingly, Movant's Motion is not rendered timely by § 2255(f)(3).

### 4. Newly Discovered Facts

In his Motion, Movant seeks to excuse any untimeliness on the basis that only one month prior to filing did he become "aware that his attorneys' ineffective counsel represents grounds for which he can file a claim." (Motion, Doc. 1 at 6.)

Section 2255 provides for a later commencement of the statute of limitations of

"the date on which the *facts* supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4) (emphasis added). However, Movant does not point to the recent discovery of any new facts. In essence, he simply argues that he didn't know the law that made those facts relevant.

"[P]aragraph four of § 2255[(f)] is only triggered when a defendant discovers facts, not the legal consequences of those facts." *U.S. v. Pollard,* 161 F.Supp.2d 1, 10 (D.D.C. 2001). *See also Barreto-Barreto v. U.S.,* 551 F.3d 95, 100, n. 4 (1st Cir. 2008) ("the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)"). *Cf. Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) ("Time [for state prisoner's federal habeas petition] begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.")(quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir.2000)); and *U.S. v. Shelton*, 459 F.2d 1005, 1006-1007 (9th Cir. 1972) ("While the term "newly discovered evidence" as used in [Fed. R. Crim. Proc.] 33 is often 'evidence only in a loose sense', it has not been extended to 'discovery' of a new issue of law.").

Accordingly, Movant is not entitled to a delayed start of his limitations period under 28 U.S.C. § 2255(f)(4).

**5. Equitable Tolling**

In *U.S. v. Battles*, 362 F.3d 1195 (9th Cir. 2004), the Ninth Circuit held the statute of limitations under 28 U.S.C. § 2255 may be equitably tolled. To be entitled to such tolling, Movant must "demonstrate that 'extraordinary circumstances beyond [his]control [made] it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness.'" *Id*. at 1197 (quoting *Laws v. LaMarque*, 351 F.3d 919, 922 (9th Cir. 2003)).

Here, Movant proposes no basis for equitable tolling of his limitations period. The undersigned perceives none.

Movant's lack of legal prowess does not provide such a basis. "It is clear that *pro*

*se* status, on its own, is not enough to warrant equitable tolling." *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir. 2006). A prisoner's "proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a [habeas petition]." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). *See also Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"). And, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999).

### 6. Actual Innocence

A claim of actual innocence is a basis for equitable tolling of the statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir.2011) (*en banc*). However, an actual innocence analysis does not invite a simple reconsideration of the evidence at trial, but requires consideration of new evidence. "To meet this standard, [the movant] must first furnish 'new reliable evidence...that was not presented at trial.' " *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003) (quoting *Schlup*, 513 U.S. at 324).

Movant makes no argument of his actual innocence, and proffers no new evidence in support of such a claim.

### 7. Conclusion re Timeliness

Based upon the foregoing, Movant's Motion is untimely. Accordingly, it must be dismissed with prejudice.

### B. OTHER DEFENSES

Because the undersigned finds Movant's Motion plainly barred by the applicable statute of limitations, the undersigned does not reach Respondent's defense of waiver, nor the merits of the Motion.

//

//

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation

as to the Motion to Vacate, a certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed July 28, 2016 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 12, 2017

16-2555r RR 17 04 10 on HC.docx

James F. Metcalf
United States Magistrate Judge

9